**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry A. Pabro,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-00425-TUC-CKJ<br><br>**ORDER** |

On March 28, 2019, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation (Doc. 16) in which she recommended the Court enter an order dismissing Petitioner Jerry A. Pabro's Petition for Writ of Habeas Corpus as untimely. The Report and Recommendation advised the parties that, pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. No objections have been filed within the time provided by Fed. R. Civ. P. 72(b)(2).[1]

---

[1] The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files an objection – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

After an independent review, the Courts finds it appropriate to adopt the Report and Recommendation and dismiss the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus as untimely.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 16) is **adopted**.

2. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **denied**.

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of April, 2019.

_____
Honorable Cindy K. Jorgenson
United States District Judge